***NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BARBARA L. FORTE, Plaintiff, v. WORLD FINANCIAL NETWORK BANK and PROFESSIONAL BUREAU OF COLLECTIONS Defendants. | : | Civil Action No. 12-704 (FLW) **OPINION** |

**WOLFSON, United States District Judge:**

Defendant World Financial Network Bank ("Defendant" or "WFNB") moves to dismiss Plaintiff Barbara L. Forte's ("Plaintiff" or "Forte") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Forte alleges Defendant supplied erroneous information to credit reporting agencies related to disputed charges on her credit card bill and Defendant failed to investigate or correct that information in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.[1] This allegedly caused considerable damage to Forte's credit rating and caused her to have to take higher interest rates on consumer credit loans.

## I. BACKGROUND AND PROCEDURAL HISTORY

In addressing Defendant's Motion to Dismiss, this Court must accept Plaintiff's

[1] Plaintiff's Complaint lists Professional Bureau of Collections ("PBC") and WFNB as collective Defendants, but only refers to a singular "Defendant." The only Defendant mentioned refers to WFNB. The Court only refers to Defendant WFNB, not PBC.

allegations contained in the Complaint as true.  See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003); Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).   Thus, the facts recited below taken are from the Complaint and do not represent this Court's factual findings.  Plaintiff is a *pro se* litigant.  She filed a one page form complaint, which contained a paragraph of factual allegations.

Forte applied for and received a credit card issued by WFNB.  Eventually her credit card bill was approximately $2,700.  But Forte asserts she was the victim of fraud and she only owes a small portion of the total amount.  She does not allege how much of the charges are actually hers, how much are fraudulent, or how the fraud occurred.  Forte says that she immediately notified WFNB when she became aware of the fraudulent activity on her account, but WFNB took no action allowing the fraudulent transactions to continue.  Then when Forte contacted WFNB a second time, she was told that she was responsible for the entire balance because she assumed responsibility for the total bill when making a prior payment.  Forte did not pay for the allegedly fraudulent transactions and WFNB reported the delinquency to the credit reporting agencies.  Forte alleges this reporting caused "considerable damage to my credit rating" and "caused me to incur higher interest rates on consumer credit loans."  Compl. at 1.

On December 30, 2011, Forte filed a Complaint in the Superior Court of New Jersey against WFNB and PBC.  WFNB removed the action to this Court and now moves to dismiss Plaintiff's FCRA claim, pursuant to Rule 12(b)(6).  Forte failed to file any opposition to WFNB's Motion.  Thus, the Court sent her a letter stating "Plaintiff has not filed any opposition. Plaintiff has until June 18, 20112, in which to do so. If no opposition is filed, the Court will consider Defendants' motion to be unopposed." Dkt No. 4.  Plaintiff received the letter and contacted the Court with procedural questions, but then failed to file any opposition.  Therefore,

this Court will consider Defendant's Motion to be unopposed. Nevertheless, the Court will assess the substance of Plaintiff's Complaint and the merits of Defendant's arguments. For the reasons that follow, Defendant's Motion to Dismiss Plaintiff's Complaint is granted.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a claim or counterclaim should be dismissed "where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Northeast Land Co., 906 F.2d 100,103 (3d Cir. 1990). When reviewing a motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal citations and quotations omitted). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 561 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the following principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft, 129 S. Ct. at 1950. The plausibility standard requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (quoting Twombly, 550 U.S. at 556). Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211.

**III. DISCUSSION**

Plaintiff's allegations are made pursuant to the FCRA. Defendant argues that Plaintiff's FCRA claim is inapplicable because Forte failed to first report the alleged fraud to a credit reporting agency. Def. Br. at 4. In particular, Defendant asserts that Plaintiff failed to allege: (1) WFNB is a "consumer reporting agency," as that term is defined by the statute; (2) Plaintiff provided notice of the disputed information to a consumer reporting agency; and (3) a consumer reporting agency alerted WFNB of disputed information, triggering WFNB's duty to perform a reasonable investigation. Id. at 5. Thus, Plaintiff failed to properly allege that WFNB was in violation of the FCRA by not investigating Plaintiff's disputed information on her credit card. See Dimedio v. HSBC Bank, 2009 WL 1796072, *3 (D.N.J. Jun. 22, 2009).

Accepting Plaintiff's allegations as true, Forte's claim fails as a matter of law. "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the

banking system, and protect consumer privacy." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 191 (3d. Cir. 2009) (quoting Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007)). While primarily aimed at credit reporting agencies, the FCRA also places obligations on creditors that furnish credit information to those agencies. See, e.g., 15 U.S.C. § 1681s–2(a). The FCRA deemed these persons as "furnishers of credit information." Evantash v. G.E. Cap. Mrtg. Svcs., 2003 WL 22844198, *1 n. 1 (E.D. Pa. Nov. 25, 2003) ("A furnisher of credit information is an entity 'which transmits information concerning a particular debt owed by a particular consumer to consumer reporting...") (citing Carney v. Experian Info. Solutions, Inc. 57 F. Spp.2d 496, 501 (W.D. Tenn. 1999)).

Under the FCRA, "furnishers of information" have two duties. First, a furnisher cannot report inaccurate information to any consumer reporting agency, "if the person knows or has reasonable cause to believe that the information is inaccurate." § 1681s-2(a)(1)(a). Subsection (a) does not avail Plaintiff here because, as Defendant points out, Forte has no private right of action for any failure by WFNB to investigate the alleged fraud in the first instance. SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011) ("These provisions, however, cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are available only to the Government."); Dimedio v. HSBC Bank, 2009 WL 1796072, *3 (D.N.J. Jun.22, 2009).

Second, a furnisher is required to perform a reasonable inquiry into customer disputes received by a consumer reporting agency. § 1681s–2(b). However, courts in the district have consistently held that an individual has a private right of action only if a furnisher failed to investigate disputed information after "[the consumer] sent notice of disputed information to a consumer reporting agency" and "the consumer reporting agency then notified the defendant

furnisher of the dispute." Dimedio, 2009 WL 1796072, *3 (quoting Martinez, 2008 WL 5046792 at *3).  More specifically, section 1681s–2(b) is triggered when a furnisher of information "receiv[es] notice ... of a dispute with regard to the completeness or accuracy of any information provided by [the furnisher] to a consumer reporting agency...." 15 U.S.C. § 1681 s–2(b)(1).  WFNB does not dispute that it was a furnisher of credit card information, but correctly points out that Forte did not allege that she ever sent notice of her dispute to a consumer reporting agency or that WFNB received any such complaint from a consumer reporting agency.  Because she did not properly submit her claim, Forte has no private right of action even if WFNB failed to perform a reasonable investigation and review any disputed information under the provisions of Section 1681s–2(b).  See generally Campbell v. Chase Manhattan Bank, 2005 WL 1514221 (D.N.J. Jun. 25, 2005) (discussing 15 U.S.C. § 1681s–2(b)(1)(A)-(D)).

Therefore, I find that even accepting her allegations as true, Forte has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

The Court grants Defendant's motion to dismiss.  An order will be entered consistent with this Opinion.


Dated: August 7, 2012                                          /s/    Freda L. Wolfson
                                                               Honorable Freda L. Wolfson
                                                               United States District Judge